IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERNANDEZ, JR., | 1:11-cv-0231-LJO-JLT (HC) |
|     Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR STAY (Doc. 17) |
| vs. | |
| WARDEN, | ORDER FOR PETITIONER TO FILE STATUS REPORTS |
|     Respondent. | ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE |
| _____/ | ORDER SUSPENDING BRIEFING SCHEDULE |
| | ORDER DISREGARDING RESPONDENT'S MOTION FOR EXTENSION OF TIME (Doc. 18) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On February 7, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). The petition raises but a single claim for relief, i.e., that the trial court erred in denying Petitioner the right to discharge his trial attorney. On March 25, 2011, the Court ordered Respondent to file an answer. (Doc. 7). On June 15, 2011, before Respondent had filed the answer, Petitioner filed the instant motion to stay proceedings in order to exhaust additional claims in state court that include claims of ineffective assistance of both trial and appellate

counsel. (Doc. 17). Thereafter, Respondent requested a further extension of time to file the answer and then filed a statement of non-opposition to Petitioner's motion for stay. (Docs. 17, 18).

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528. Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-1534.

In so holding, the Supreme Court noted that, while the procedure should be "available

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed a federal habeas petition containing one exhausted claim. He has apparently initiated state court habeas proceedings to exhaust additional claims of ineffective assistance of trial and appellate counsel. The Court has accessed the California courts' electronic database to determine that Petitioner has in fact filed a state habeas petition in the California Court of Appeal, Fifth Appellate District ("5th DCA"), which denied his petition on June 22, 2011. The Court could find no evidence that Petitioner has pursued these claims in the California Supreme Court.

Thus, it appears to the Court that, as of June 22, 2011, Petitioner had been attempting to exhaust his claims in a timely and expeditious manner. Despite the fact that Petitioner has apparently done nothing to further exhaust his claims since June 22, 2011, there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct. Moreover, Respondent has no objection to the stay provided Petitioner initiates his exhaustion process within thirty days.

From the foregoing, it appears that good cause existed for Petitioner's failure to exhaust additional 6th Amendment claims prior to filing the instant petition, that Petitioner is proceeding in good faith, that no prejudice would inure to the parties by granting the requested stay, and that an outright dismissal of the instant "mixed" petition might well jeopardize Petitioner's access to this Court because of AEDPA's one-year statute of limitations.

Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not hold the petition in abeyance indefinitely. See Taylor, 134

F.3d at 988 n. 11.  No later than **thirty (30) days** after the date of service of this Order, Petitioner must inform the Court of the status of the habeas proceedings in state court, including the date or dates of all habeas corpus cases filed in state court, the case numbers, and any outcomes.[2]  In that status report, Petitioner must make clear that he has initiated exhaustion proceedings in the California Supreme Court.

Further, Petitioner must proceed diligently to pursue his state court remedies, and every **sixty (60) days** after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings.  Following final action by the state courts, Petitioner will be allowed **thirty (30) days** within which to notify the Court that all of his claims are exhausted and to provide the Court with documentation to that effect, including a copy of the decision of the California Supreme Court.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

## **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 17), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies in the California Supreme Court;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court that he has initiated exhaustion proceedings in the California Supreme Court and advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, the issues raised, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts

---

[2] The filing should be entitled "Status Report."

within which to notify the Court that all of his claims are fully exhausted and to provide the Court with documentation to substantiate that all of his claims are exhausted;

6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case;

7. The briefing schedule established by order dated March 25, 2011, is SUSPENDED and a new briefing order will issue when and if the case is administratively re-opened; and,

8. Respondent's motion for extension of time to file a response (Doc. 18), is DISREGARDED.

The Court will notify the Clerk of the Court to administratively re-open the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated:  **September 11, 2011**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE