IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERNANDEZ, JR., | 1:11-cv-0231-LJO-JLT (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO CONJOIN CLAIMS (Doc. 25) |
| vs. | |
| WARDEN, | ORDER REQUIRING PETITIONER TO FILE FIRST AMENDED PETITION |
| Respondent. | ORDER DIRECTING THE CLERK OF THE COURT TO SEND PETITIONER A BLANK FORM PETITION FOR PRISONERS FILING PURSUANT TO § 2254 |
| / | |
| | THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On February 7, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). The petition raised a single claim for relief, i.e., that the trial court erred in denying Petitioner the right to discharge his trial attorney. On March 25, 2011, the Court ordered Respondent to file an answer. (Doc. 7). On June 15, 2011, before Respondent had filed the answer, Petitioner filed a motion to stay proceedings in order to exhaust additional claims in state court that include claims of ineffective assistance of both trial and appellate counsel. (Doc. 17). Thereafter, Respondent requested a further extension of time to file the answer and then filed a statement of non-opposition to Petitioner's motion for stay. (Docs. 17, 18).

-1-

On September 12, 2011, the Court granted Petitioner's motion for stay and ordered that the case be administratively closed while Petitioner sought to exhaust his remedies in state court. (Doc. 20). In the order granting the stay of proceedings, the Court ordered Petitioner to file a status report within thirty days and to file subsequent status reports thereafter every sixty days. (Doc. 20, p. 4). Petitioner complied by filing his first status report on October 11, 2011, indicating that his state petition in the California Court of Appeal had been denied and that he had filed his petition in the California Supreme Court on July 5, 2011. (Doc. 21).

On December 5, 2011, Petitioner filed his second status report, indicating that his state petition was still pending in the state supreme court. (Doc. 23). On January 6, 2012, Petitioner filed the instant motion to "conjoin" claims, indicating that the California Supreme Court had denied his petition, his claims are now exhausted, and he wished to "conjoin" the newly exhausted claims into his petition.

In the September 12, 2011 order granting the stay, the Court indicated to Petitioner that, following a denial of his state petition by the California Supreme Court, Petitioner would have thirty days within which to notify the Court of that fact and *to provide the Court with documentation to that effect*, something Petitioner has neglected to do. (Doc. 20, p. 4). Moreover, once a petitioner has complied with such a requirement, he must then file an amended petition containing all of the newly exhausted claims along with any previously exhausted claims the petitioner wishes to pursue. The Court will not simply incorporate the newly exhausted claims into the existing petition. Unless Petitioner provides a description of the nature of the newly exhausted claims, the Court and other parties do not know the precise legal and factual nature of the newly exhausted claims. To date, Petitioner has not provided any factual basis for the newly exhausted claims nor any detailed explanation of the legal nature of his newly exhausted claims. Without such information, the Court cannot allow such claims to proceed.

Accordingly, Petitioner will be permitted thirty days within which to file a first amended petition in which he lists all of his claims he wishes to pursue, i.e., those previously exhausted and those newly exhausted, *and* documentation establishing that all of his claims are exhausted. As with all habeas petitions, the claims must provide an adequate legal description of the

constitutional basis for the claims as well as a summary of the factual bases for said claims.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to "conjoin" claims (Doc. 25), is DENIED;

2. Petitioner is granted thirty days from the date of service of this order within which to file a first amended petition listing all claims that Petitioner wishes this Court to consider. The document should clearly be marked, "First Amended Petition." Petitioner is advised that the first amended petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in the first amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his first amended petition of the dates when the state courts ruled on the issues Petitioner raised.[1] <u>The Court will not consider the original petition</u>. Petitioner is reminded that each claim *must* state a cognizable federal claim; and,

3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

IT IS SO ORDERED.

Dated:   **January 11, 2012**                           /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. <u>Duncan v. Walker</u>, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).