UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERNANDEZ, JR.,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN, Salinas Valley State Prison,<br><br>   Respondent. | Case No.: 1:11-cv-00231-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 32)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

  Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

  The instant petition was filed on January 27, 2011 in the Sacramento Division of this Court.[1]

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 27, 2011. (Doc. 1, p. 14).

1 (Doc. 1). The petition challenges Petitioner's 2008 Tulare County Superior Court conviction for, inter alia, shooting at an occupied motor vehicle and various enhancements, as well as his 32-years-to-life sentence. (Doc. 1, p. 1). Petitioner raised but a single claim in his original petition, i.e., that the trial court erred in refusing Petitioner's motion to discharge his trial attorney and allow a new attorney to represent him. (Doc. 1, p. 4). On February 10, 2011, the case was transferred to the Fresno Division. (Doc. 3). On March 25, 2011, the Court ordered Respondent to file a response. (Doc. 7).

Before Respondent filed a response, Petitioner, on June 15, 2011, filed a motion to stay proceedings while Petitioner exhausted additional claims in state court. (Doc. 17). On July 8, 2011, Respondent filed a notice of non-opposition to the stay request. (Doc. 19). On September 12, 2011, the Court granted Petitioner's motion for stay. (Doc. 20). On January 6, 2012, Petitioner notified the Court that the California Supreme Court had denied his habeas petition on November 22, 2011. (Doc. 25). By written order dated January 11, 2012, the Court ordered Petitioner to file a first amended petition containing all of Petitioner's exhausted claims within thirty days. (Doc. 28). On February 7, 2012, Petitioner filed the instant first amended petition raising his original claim as well as an additional claim that trial counsel provided ineffective assistance in violation of Petitioner's Sixth Amendment rights. (Doc. 27). The Court ordered Respondent to file a response to the first amended petition, and, on April 10, 2012, Respondent filed the instant motion to dismiss, contending that the newly added ground two was untimely. (Doc. 32). Petitioner has not filed an opposition to the motion to dismiss.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

2

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

A. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 27, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B.   Amendments Under The AEDPA.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The rule applies in habeas corpus proceedings.  Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth.  Id. at 650.  The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction.  Id. at 656-657.  Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'"  Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d ed. 2004).

Obviously, therefore, when a petitioner seeks a stay of proceedings to exhaust unexhausted claims *already contained* in a timely federal petition, the relation back doctrine will not create a statute

of limitation problem for the petitioner since the exhausted claim will, by definition, be identical to the claim already raised in the existing petition. However, where, as here, a petitioner seeks to exhaust *completely new claims* and then amend those new claims into an existing federal petition, unless the new claims relate back to the claims already contained in the existing federal petition, the relation back doctrine may well preclude those claims as being untimely if, as Respondent contends, more than one year has elapsed between the commencement of the limitation period and the point at which the petitioner amends his federal petition to include the newly-exhausted claims.

Respondent does not contend that the original petition, and thus the sole claim contained therein, was timely filed. Rather, Respondent contends that the newly exhausted claim contained in the first amended petition is untimely because it was filed outside of the one-year limitation period established by the AEDPA. Here, however, from a simple comparison of the claim in the original petition and the claim which Petitioner has recently exhausted in the California Supreme Court, it appears to the Court that, contrary to Respondent's contention, the newly exhausted claim arises from the same common core of "operative facts" as the claim in the original petition. Specifically, the original claim contends that the trial court erred in refusing to allow Petitioner to discharge his trial attorney because his counsel had not discussed trial strategy or a defense strategy with Petitioner prior to trial, because Petitioner was unhappy with counsel's handling of the prosecution's plea bargain, and because counsel had not done the proper pre-trial "footwork," i.e., locating witnesses that could assist in the defense. (Doc. 1, p. 4; Doc. 33, Lodged Documents ("LD") 6, Ex. 4, p. 16). Similarly, in his state habeas petitions, Petitioner contended that his trial counsel's representation was ineffective because counsel was not "forthcoming with information" about trial strategy or the defense counsel was preparing, and because trial counsel tried to pressure Petitioner into a plea bargain. (LD 4; LD 8; LD 6, Ex. A, p. 13). The gravamen of the latter contention appears to be that when the prosecutor made a plea bargain offer, Petitioner wished to make a counter-offer, but trial counsel refused, believing it to be a waste of time. (LD 8).[2]

---

[2] In his motion at trial to discharge counsel, Petitioner also claimed that counsel had failed to locate and call certain witnesses in his defense. In his state habeas proceedings, Petitioner does not mention this allegation as being part of the

In sum, the two claims are based on a common core of operative facts; they appear to differ only in the legal theory that is applied to those common facts.  Indeed, in his state habeas petitions, Petitioner relied on the transcript of the hearing on his motion to obtain new counsel to support his contention that counsel's representation was ineffective.  Put another way, the factual bases for both claims are, for all intents and purposes, identical: counsel's failure to keep Petitioner apprised of defense strategy and counsel's refusal to make a counter-offer in the plea bargain process.  Since relation back is ordinarily allowed when, as here, "the new claim is based on the same facts as the original pleading and only changes the legal theory," Woodward v. Williams, 263 F.3d at 1142, the Court sees no timeliness bar to addressing the newly exhausted claim of ineffective assistance of counsel on its merits.  Mayle, 545 U.S. at 664.  Although there are slight cosmetic differences in the way Petitioner's presents this "common core of operative facts" in the original claim and the amended claim, the Court simply cannot conclude that the newly exhausted ground for relief is supported by facts that differ in both "time and type" from those the original pleading set forth.  Mayle, 545 U.S. at 650.  Accordingly, the motion to dismiss should be denied.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §  636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised

---

factual basis for his claim of ineffective assistance of counsel.  This variance within the "common core of operative fact" is irrelevant, however, since Petitioner does not raise this as a basis for ineffective assistance in the first amended petition.

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 14, 2012**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE